Filed 7/30/26  P. v. Marez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F089908 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DF016560B) |
| CARLOS ALBERT MAREZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Carlos Albert Marez, in pro. per., and Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*]     Before Hill, P. J., Franson, J. and DeSantos, J.

Appellant Carlos Albert Marez appeals after pleading no contest to the charge of assault by an inmate with a deadly weapon and admitting to certain enhancements and prior convictions. Appellant's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting this court independently review the record. Appellant then submitted a separate supplemental letter brief raising issues he wishes to have reviewed. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2022, appellant was charged by information with one count of assault with a deadly weapon, or by means likely to cause great bodily injury, by an inmate undergoing a life sentence (Pen. Code,[1] § 4500), one count of assault by an inmate with a deadly weapon (§ 4501, subd. (a)), and one count of assault by an inmate likely to cause great bodily injury (§ 4501, subd. (b)). In addition, the information charged appellant with multiple enhancements, prior strike, and prior serious felony allegations. Relevant to this appeal, the prior conviction allegations included two convictions from Los Angeles County for attempted murder (§§ 187, 664) and willfully discharging a firearm at an inhabited dwelling or occupied motor vehicle (§ 246).

Pertinent to the charges in this case, the preliminary hearing shows that appellant and a codefendant attacked another inmate while incarcerated at North Kern State Prison. The attack was brief and eventually stopped by correctional officers. The victim suffered lacerations and multiple puncture wounds consistent with being stabbed or sliced with a sharp object. No weapon was found on either attacker, although one weapon was found nearby.

In January 2025, after several continuances, appellant pleaded no contest, pursuant to *People v. West* (1970) 3 Cal.3d 595, to one count of assault by an inmate with a deadly weapon. Appellant also admitted to allegations the crime included circumstances in

---

[1] All further undesignated statutory references are to the Penal Code.

2.

aggravation within the meaning of California Rules of Court, rule 4.421 and to the two prior convictions previously mentioned. All other counts and allegations were dismissed. An agreed sentence of six years was a plea condition. During the plea colloquy, appellant's counsel confirmed the plea under *People v. West* while appellant personally admitted the aggravation allegation and prior convictions and the court found a sufficient factual basis for the plea. Appellant also initialed, signed, and affixed a thumb print to a plea form that outlined the agreement, noted the prior convictions appellant would admit, and affirmed that appellant had voluntarily entered the plea after speaking fully with counsel.

Prior to sentencing, appellant requested a stay because motions for resentencing related to the prior convictions were pending. Appellant raised concerns that admitting to those convictions in the present case could affect the motions in those other cases. The trial court rejected this argument because appellant had already made the admissions and had done so under *People v. West*. The court then sentenced appellant in line with the plea agreement.

This appeal timely followed.

## DISCUSSION

As noted above, appellant's counsel has filed a brief asserting he found no arguable issues on appeal and appellant has filed a subsequent letter brief asserting issues he contends are worth reviewing.

### *Applicable Law for* **Wende** *Review*

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)

3.

"[A]n arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

"[I]n affirming the judgment rendered in a [*People v.*] *Wende* appeal, the Court of Appeal must prepare a written opinion that describes the contentions personally raised by the defendant and the reasons those contentions fail. In addition, the Court of Appeal must provide a brief description of the underlying facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed," along with any further information the court deems appropriate for an adequate written opinion. (*People v. Kelly, supra*, 40 Cal.4th at p. 124.)

### Appellant's Contentions Fail

Appellant first challenges his decision to plead no contest on the ground that he never intended to admit to the prior conviction allegations. Appellant alleges he read an unnamed case that held admitting to a prior conviction would preclude eligibility for resentencing under section 1172.6, a result he wished to avoid given his pending motion under that statute in the cases related to those admissions.

Section 1172.6 requires as a prima facie showing that one is eligible for relief because they were previously charged and convicted of a crime under a theory of liability that can no longer be sustained under sections 188 or 189. (§ 1172.6, subd. (a).) Appellant's admission to two prior convictions did not refer to the conduct underlying those offenses or whether appellant could still be convicted under the current versions of sections 188 or 189, if those statutes are even applicable to his prior crimes. Rather appellant merely admitted to one of the facts he was required to allege to seek resentencing, that he was convicted of a prior offense. There is nothing in the admissions

4.

that would affect appellant's pending petitions under section 1172.6. While appellant alleges he read a case that states otherwise, appellant has not identified that case and this court has found no similar holding in its own research. Further, appellant's plea advisement specifically noted the plea was free and voluntary, that appellant has spoken with counsel, and that the plea included admitting the two prior convictions.

Appellant's general concern over the impact of his admissions is insufficient to demonstrate grounds to withdraw his plea. (See *People v. Ramirez* (2006) 141 Cal.App.4th 1501, 1506 [good cause requires clear and convincing evidence of mistake, ignorance, or other factors overcoming the exercise of free judgment].) Similarly, on this record the lack of harm from the admission undercuts any claim for ineffective assistance of counsel either in entering the plea or failing to seek to formally withdraw the plea. (See *In re Vargas* (2000) 83 Cal.App.4th 1125, 1140 [prejudice requires objective showing that defendant would not have entered plea, not mere statement to that effect].)

Appellant's second claim challenges the evidence relating to the charge under which appellant entered his plea. Notably, this issue was not included in the probable cause certificate requested in this case, the record does not show any challenges to the preliminary hearing findings, and evidentiary challenges are not typically cognizable on appeal after plea agreement. (See *People v. Palmer* (2013) 58 Cal.4th 110, 114 [appeal from plea agreement does not include issues related to guilt or innocence, including the sufficiency of the evidence to support the conviction].)

Regardless, in addition to the court's express finding that sufficient facts existed for the guilty plea, the preliminary hearing transcript shows the victim suffered injuries consistent with being stabbed and sliced and that a weapon was found near the fight. While appellant contends the evidence is unclear on who held the weapon or whether one was even found, the facts constitute substantial evidence sufficient to support the charge. (See *Thompson v. Superior Court* (2001) 91 Cal.App.4th 144, 149, fn. 4 [preliminary

hearing evidence need only show some rational ground that defendant committed the crime].)

In reviewing the issues raised in appellant's letter brief, this court undertook a thorough review of the record and is satisfied that no arguable errors exist that would result in a disposition more favorable to appellant. (See *People v. Wende, supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.